IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WEIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 21-cv-260-DWD |
| | ) |
| JOHN D. LAKIN, | ) |
| | ) |
| Respondent. | ) |

**ORDER DISMISSING 28 U.S.C. § 2241 PETITION FOR HABEAS CORPUS**

**DUGAN, District Judge:**

Petitioner Michael Weis is a post-trial detainee incarcerated at the Madison County Jail. Following a September 2020 jury trial, Weis was convicted of three counts of criminal sexual assault, two counts of aggravated criminal sexual abuse, and three counts of possession of child pornography. Weis had been released on bond pending trial, but his bond was revoked following the return of the guilty verdicts. He has remained in custody awaiting sentencing since September 24, 2020.

A sentencing hearing in Weis's state court proceeding is scheduled for March 12, 2021. Post-trial motions for bond and for reconsideration of the September 2020 bond revocation order are set to be heard at the sentencing hearing. On March 5, 2021, Weis filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking review of the trial court's denial of his request for post-conviction bond and of the delay in imposing sentence in his pending criminal case. He alleges that the state trial court applied the incorrect statute when weighing whether to revoke his bond.

This case is before the Court for preliminary review of the petition pursuant to Rule 4 of the FEDERAL RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, which can be applied to § 2241 petitions pursuant to Rule 1(b). Rule 4 directs the judge who receives a petition to promptly examine it, and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

"Criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus from federal courts." *United States v. Castor*, 937 F.2d 293, 296 (7th Cir. 1991)(citing 28 U.S.C. § 2241(c)(3)). While Weis is not awaiting trial, judgment has yet to enter against him. Pre-judgment detainees are not subject to the 28 U.S.C. § 2254 statutory exhaustion requirements for post-judgment inmates, but "federal courts may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ," including in § 2241 petitions. *Id.* at 296-97 (citing *Baldwin v. Lewis*, 442 F.2d 29, 31-33 (7th Cir. 1971)). Here, Weis has motions for release from custody pending in his state judicial proceeding, and, as a result, he has not exhausted all avenues for relief available to him in state court.

Beyond matters of comity, the *Younger* abstention doctrine further counsels caution before a federal court intervenes in state judicial proceedings. Under *Younger*, abstention is required if "ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as not extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002). The

Supreme Court has explained that such special circumstances in habeas cases generally are limited to questions of double jeopardy and speedy trial. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973). Weis, however, has an opportunity for review of his custody status and is pursuing relief in his state judicial proceeding. As a post-trial, pre-judgment detainee, speedy trial is not at issue in the petition, and there is no allegation of double jeopardy issues. In the absence of these extraordinary circumstances favoring intervention, the Court finds that interference at this stage is unwarranted.

For all these reasons, the Court finds no colorable claims survive preliminary review. It is hereby **ORDERED** that the petition for writ of habeas corpus is **DISMISSED without prejudice**. The Clerk of Court shall enter judgment reflecting the dismissal and shall close this case.

**SO ORDERED.**

Dated: March 9, 2021

_____
DAVID W. DUGAN
United States District Judge